SAMUEL A. COYE & others *vs.* PHILO LEACH, Administrator.

A father seventy years old, and his daughter thirty three years old, being on board a steamboat that was lost at sea, both perished in the same calamity, and no special circumstances were known, which tended to prove that one died before the other. *Held,* that there was no legal presumption that either survived the other, but that it must be presumed that both died at the same instant.

THIS was an appeal from a decree of the judge of probate for the county of Plymouth, ordering distribution of the personal estate of Sylvanus Keith to be made, by his administrator, among his nephews and nieces, as his heirs at law. The case was submitted to this court on the following agreed facts:

" The said Sylvanus Keith, the intestate, and his only child, Caroline E. Coye, and her husband, George W. Coye, and their infant daughter and only issue, Caroline K. Coye, were on board the steamboat Pulaski, on her last voyage from Charleston to Baltimore, and perished at sea in the night of the 14th of June 1838, when said boat was lost: And after full inquiry

no evidence can be obtained showing which of said persons died first, or which survived.

" It is further agreed, that the said Sylvanus Keith left no wife, and no heir in the ascending line, and that the distributees, named in said decree of the judge of probate, are the next of kin of said Sylvanus Keith, being his nephews and nieces. One of the appellants is administrator of the estate of the said George W. Coye, and the other appellants are the next of kin to the said Caroline K. Coye, being her uncles and aunts.

" It is further agreed, (if the age of said persons be material facts,) that on said 14th of June 1838, the said Sylvanus Keith, the intestate, was abo..t seventy years of age, the said George W. Coye about thirty seven or eight, the said Caroline E about thirty two or three, and the said Caroline K. about eight or nine years of age."

This case was argued, at a former term, by *Eddy & Coffin*, for the appellants, and by *W. Baylies*, for the appellee. The counsel cited the books which are referred to in the opinion of the court, and also Fearne's Posthumous Works, 38 – 72 ; 2 Evans's Pothier, 300 ; *Hitchcock* v. *Beardsley*, West, (Temp. Hardw.) 445 ; Greenl. on Ev. § 30 ; Cro. Eliz. 503 ; *Colvin* v. *Procurator General*, 1 Hagg. Eccl. Rep. 92 ; *Wright* v. *Nether·wood*, 2 Salk. (Evans's ed.) 593, *note ; Bradshaw* v. *Toulmin,* 2 Dick. 633 ; 3 Stark. Ev. 1236, *note (c.)*

DEWEY, J. This case presents a question of peculiar difficulty. The parties admit the existence of certain facts, with the further statement of a want of all evidence on certain other points ; which latter admission seems almost to render it impracticable to decide satisfactorily as to the respective rights of the contending parties. The facts admitted are, that Sylvanus Keith, his only daughter, Caroline E. Coye, with her husband, George W. Coye, and their only child, Caroline K. Coye, were on board the steamboat Pulaski, on a voyage from Charleston to Baltimore, when the boat was lost, and they all perished at sea, on the 14th of June 1838. The parties then agree the urther fact, that no evidence can be obtained tending to show which of said persons actually survived. This statement, thus

assented to, precludes all aid that might have been derived from any evidence of the circumstances attending the destruction of the boat, the position of the persons in the same, or any fact connected therewith, raising any presumption of survivorship. Had there been any circumstances, however slight, bearing on these points, they would have been material, as from slight circumstances, inferences of fact might have been drawn, which would materially affect the question before us. The case, however, is barren of all evidence upon these points, and is to be settled without aid from them. We are, therefore, brought directly to the inquiry, whether, in the case of several persons perishing at sea in one common disaster, the question of survivorship can be settled by any legal presumptions deduced from the single fact of difference in age and sex.

By the civil law, Mrs. Coye, the daughter of Mr. Keith, would be presumed to have survived her father, as the child, if above the age of puberty, is presumed to have survived the parent Greenl. on Ev. § 29. Dig. lib. 34. tit. 5. But no such doctrine has any sanction in our system of jurisprudence, either as a principle of the common law, or enacted by legislative authority.

By the Code Napoleon, Book III. tit. I. c. 1, articles 720, 721, 722, it is provided, that where several persons perish by one and the same accident, so that it is not possible to ascertain which of them died first, the presumption as to survivorship is to be determined by the circumstances of the event, and, in the absence of all such evidence, by the age and sex of the persons. Art. 721. " If those who perished together were under fifteen years, the eldest shall be presumed to have survived. If they were all above sixty, the youngest shall be presumed to have survived. If some were under fifteen years, and others more than sixty, the former shall be presumed to have survived." Art. 722. " If those who perished together were of the age of fifteen years complete, but less than sixty, the male is always presumed to have survived, where there is equality of age, or the difference which exists does not exceed one year. If they were of the same sex, the presumption of survivorship, which

gives rise to succession according to the order of nature, must be admitted ; thus the younger is presumed to have survived the elder."

These are clearly arbitrary rules, as, in the nature of things, a week or day less than the respective ages named would not usually, in any degree, affect the ability of the party to sustain and prolong life in case of exposure by shipwreck. Such rules being thus arbitrary in their character, to some extent, would seem to require a legislative sanction ; and it may be expedient and proper to provide, by a legislative act, for cases of this character and description. But, without such legislation, we do not feel authorized to adopt any fixed period of age, as decisive of the question of survivorship of those who perish in a common disaster, and where no facts or circumstances are known, that would aid in deciding the point of survivorship. To a certain extent we might well go, in applying the principle as to disparity of age. Thus it would be proper and reasonable to hold that one of middle age, and in the full vigor of life, would ordinarily survive a mere infant, or child of very tender years ; and the same would be alike true as to such person and the man well stricken in years.

We therefore should probably have no difficulty, in the present case, in disposing of the question of the survivorship of Caroline K. Coye, the granddaughter of Mr. Keith. Her age and strength were less adapted to sustain her, in the continuance of the struggle for life, under this peril, than those of her mother or her grandfather, and might be so held without resort to any arbitrary rule as to a precise point of time in the age of the parties. But when we approach the case of Caroline E. Coye, and are asked to find that she survived her father, Mr. Keith, we find, on the one hand, the age of Mrs. Coye to have been somewhat more favorable to her survivorship, though far less decisive than in comparison of her case with that of her infant daughter. But we have the opposing circumstance, that she was of the weaker sex ; and thus one presumption operates to neutralize the other, and the known facts fail to present a case of controlling presumption in favor of either. The case stated, then, stands thus :

Sylvanus Keith and his daughter, Mrs. Coye, perished in the same disaster. No fact is shown giving the least indication that either party, from the nature of the accident or the position of the parties, had any advantage over the other for protracting life. Nothing is shown of their peculiar capabilities arising from personal strength or vigor. Nothing indeed is put into the case, to control it in favor of either, besides age and sex ; and these, as already remarked, are not decisive tests in the present case. In truth, there is nothing in the case to show that either the father or the daughter survived the other. The evidence in the case, upon the facts stated by the parties, fails to show that the estate of Sylvanus Keith ever vested in Caroline E. Coye, his daughter. To effect this, it was necessary that she should have survived her father. We do not feel authorized to say that this fact is satisfactorily established. For aught that appears in the present aspect of the case, they may both have perished together. This being so, and no arbitrary presumption being authorized by law in such cases, arising from age or sex, the consequence is, that those who seek to enforce their rights, as heirs at law of Caroline E. Coye, must fail in establishing their right to a distributive share in the estate of Sylvanus Keith. As to the granddaughter, Caroline K. Coye, the evidence of her survivorship is inferior to that of her mother, and no claim can be sustained through her.

The general question arising in the present case has been somewhat considered in the English common law courts, and also in the courts of chancery ; but more frequently in the pre-rogative courts. And the decisions in those courts seem to favor the view we have taken of the present question. The question arose in 2 W. Bl. 640, in the case of General Stanwix, who, together with his wife and daughter, perished while on a voyage at sea, the vessel having never been heard from, and no evidence produced of the circumstances of her loss. The case was never decided, it being compromised, (as is said by Sir William Scott,) at the recommendation of Lord Mansfield, who said " there was no legal principle on which he could decide it." 2 Phillim. 268. In *Mason* v. *Mason*, 1 Meriv. 308, where the

testator, a middle aged man, had embarked with his son, at Bengal, on board the Calcutta, on a voyage to England, and the ship was lost on her homeward voyage, and all on board perished, the Master of the Rolls held that the rules of the civil law had not been adopted in such cases, and that he could not see how any presumption could be raised as to who survived. He refused to find that the son survived, but directed an issue to be framed, and sent to the jury, to find whether the son was living at the death of the testator. In *Taylor* v. *Diplock*, 2 Phillim. 261, where husband and wife perished on board a ship which was wrecked, and where there was no satisfactory evidence as to survivorship, or any circumstances shown, of a decisive character, as to the ability of the several persons to sustain a peril, it was held that it must be assumed that the husband and wife both perished at the same moment.

In *Sillick* v. *Booth*, 1 Younge & Collyer Ch. Rep. 121, it was held that, where two persons die by the same accident, and there are no special circumstances in evidence, from which it may be presumed that one died before the other, the law of England will draw that presumption from general circumstances, such as the comparative health, strength, age or experience of the parties.

In *Selwyn's case*, 3 Hagg. Eccl. Rep. 748, where husband and wife perished together at sea, and no circumstances of the disaster were known, showing any advantage on the part of either, the court said, " in the absence of clear evidence, it has generally been taken that both died at the same moment."

These cases strongly confirm the view we have taken of the naked question now presented to us, and unaccompanied by any circumstances that might authorize us to raise a presumption in favor of the survivorship of either the father or daughter. The age is the only circumstance relied upon by those claiming in the right of the daughter ; but that is supposed to be controlled, or at least so far neutralized, by the sex of the father, as to leave the case without proof, warranting the presumption that the daughter survived the father.

After much consideration of the question, and fully impressed

with the difficulties attending it, the court have come to the result, that the distribution of the personal estate of the late Sylvanus Keith, now in the hands of his administrator, is to be made in favor of his nephews and nieces, as his heirs at law. to the exclusion of those persons who claim the same as heirs either of Caroline E. Coye or Caroline K. Coye.

*Decree affirmed*